UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TODD WOODS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 02-1992** |
| **JAMES CAHN, ET AL.** | **SECTION "K" (5)** |

## ORDER AND REASONS

Before this Court are Cross- Motions to Enforce the Settlement Agreement brought by Plaintiff Todd Woods, d/b/a Lee's Guaranteed Roofing, (Lee's) (Rec.Doc.No. 97) and Defendant James Cahn and Cahn Enterprises (Cahn)(Rec.Doc.No. 102). Lee's is seeking to recover attorney's fees and pre-judgment interest pursuant to contracts signed by the parties. After considering the pleadings, the record, the memoranda and the applicable law, the Court hereby denies petitioner recovery of attorney's fees and awards only interest from the date of judicial demand.

## I. BACKGROUND

This dispute arises out of a contractual relationship entered into by Lee's and Cahn in the summer of 2001.  The contracts provided that Lee's perform roofing repair work on approximately twenty-four of Cahn's buildings that were damaged by hail.  The contracts the parties executed each contained clauses requiring Cahn to pay attorney's fees and interest at the rate of eighteen percent per annum from time of breach in the event that litigation became necessary.  Cahn initially made payments as they became due, but then stopped making payments on several of the contracts.

Lee's originally filed suit to recover the outstanding balance of the unpaid contracts.  The parties then decided to settle, so this Court, on March 31, 2005, entered an order of dismissal.  The terms of the settlement agreement were determined under the guidance of Magistrate Judge Chasez.

Per the settlement agreement, the parties were to retain Jerome Alciatore, AIA, to independently examine twenty-two roofs installed by Lee's.  Upon inspection of the roofs, Mr. Alciatore would make final and binding determinations as to the quality of work performed by Lee's and the extent of any needed repairs or replacements and the costs thereof.  The outstanding balance owed by Cahn would then be offset by any credits as determined by Mr. Alciatore.  After inspecting the properties, Mr. Alciatore issued a report wherein he determined the credits due Cahn for the various deficiencies he discovered, and the amount Lee's was to reimburse Cahn for reasonable repair expenses already incurred.

After the agreement was reached and the report was submitted by Mr. Alciatore, Lee's filed this Motion to Enforce the Settlement Agreement, seeking to recover attorney's fees and

pre-judgment interest pursuant to the pertinent clauses in the original contracts. Cahn filed a Memorandum In Opposition to Lee's Motion to Enforce the Settlement Agreement, contending that the attorney's fees and pre-judgment interest were not incorporated in the settlement agreement, and therefore not recoverable.[1]

## II. ANALYSIS

In Louisiana, when a settlement agreement has been entered into, it becomes the law as between the parties. *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94); 630 So.2d 741. Further, it is well-settled in Louisiana that the meaning and intent of the parties as to such compromise agreement is ordinarily determined from the instrument's four corners only, and that extrinsic evidence is inadmissible either to explain or contradict the terms of the instrument. *See Ortego v. State of Louisiana,* 96-1322 (La. 2/25/97); 689 So.2d 1358; *Pat O'Brien's Bar, Inc. v. Franco's Cocktail Products, Inc.*, 615 So.2d 429 (La. Ct. App. 4 Cir. *1993*); *Smith v. Leger*, 439 So.2d 1203 (La. Ct. App. 1 Cir. 1983)*; Maltby v. Gauthier*, 526 So.2d 455 (La. Ct. App. 5 Cir. 1988).

Lee's and Cahn entered into a settlement agreement comprised of clear terms as stated above. Cahn contends that the settlement agreement is silent as to attorney's fees and contractual interest, and that those sums are therefore not recoverable. Lee's does not dispute that the agreement makes no mention of the fees and interest. Nevertheless, it insists it is owed

---

[1] Cahn also asserts such fees and interest are not recoverable because 1) Lee's abandoned the original contracts, and 2) some contracts were void as Lee's did not hold a Louisiana contractor's license as required by statute. As the Court has concluded that the claim fails for failure to incorporate the fees and interest into the settlement agreement, the Court declines to reach these additional arguments.

the fees and interest, and repeatedly cites the terms of the original contracts in support of its argument. Lee's had ample opportunity to include such fees and interest in the settlement agreement the parties reached, but neglected to do so. Upon execution, the agreement became the law as between the parties. Therefore, the Court finds that Lee's cannot now demand attorney's fees and interest pursuant to clauses of contracts that have been displaced by a settlement agreement that is silent as to those fees and interest.

Louisiana law does recognize an exception to the rule that the intent of a settlement agreement can only be interpreted within the four corners of the agreement. The *Brown* court held that extrinsic evidence may only be considered when a "dispute arises as to the scope of a compromise agreement." 630 So.2d at 749. However, Lee's has raised no such claim; it only argues that it is owed the attorney's fees and interest because Cahn signed the original contracts that contained such clauses – contracts that are now usurped by the settlement agreement. Thus, the scope of the agreement is not in dispute, and the differences the parties intended to settle is clear – the amount that one party owes the other based on the independent report of Mr. Alciatore.

Lee's is not entitled to prejudgment interest or interest from the date of judicial demand for the same reason it cannot recover attorney's fees. The fact that the original contracts included an interest provision is irrelevant. If Lee's wanted to recover interest it should have provided for such recovery in the settlement agreement. Since it did not, and since this Court is relegated to the four corners of the agreement, no pre-settlement interest shall be awarded. This Court finds that Lee's is entitled to interest at the legal rate as calculated pursuant to LA. REV. STAT. ANN. § 13:4202 (2006), which shall begin accruing as soon as the parties reach a final agreement on the amount owed.

For these reasons, the Court declines to award attorney's fees, and awards legal interest from the time of settlement only.

Accordingly,

**IT IS ORDERED** that Plaintiff Lee's Motion to Enforce Settlement Agreement is **DENIED** with respect to request for attorney's fees and interest other than legal interest accruing from the date of settlement.

**IT IS FURTHER ORDERED** that Defendants' Cross-Motion to Enforce the Settlement Agreement, or in the Alternative to Vacate Settlement and Reopen Case is **DENIED** insofar as it is inconsistent with the above order.

New Orleans, Louisiana on this 14th day of October, 2006.

                                        **STANWOOD R. DUVAL, JR.**
                                  **UNITED STATES DISTRICT COURT JUDGE**